UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>Defendants. | Case No. 26-cv-01094-NW<br><br>**ORDER SCREENING COMPLAINT, DISMISSING WITH PREJUDICE, AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>Re: ECF No. 4 |

Plaintiff Jimmie Earl Jones, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.  *See* ECF Nos. 1, 4.  The Complaint and motion are now before the Court for screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons set forth below, the Court **DISMISSES** the Complaint with prejudice as duplicative and **DENIES** Jones' motion to proceed *in forma pauperis*.

## I.    BACKGROUND

Jones alleges in his Complaint (ECF No. 1) that between November 14, 2023, and December 5, 2023, he was transferred from Eel River Conservation Camp to Jamestown State Prison for medical treatment due to an on-the-job injury.  Jones was then mistakenly transferred back to Eel River Conservation Camp between December 5, 2023, and December 7, 2023, before his medical hold was lifted.  Upon arriving at the camp, "[Jones] was forced to do [his] head cook job assignment with injuries and [a] medical hold from [the prison]." *Id.* at 3.  He was also "assaulted by a CDCR employee after [his] medical hold from [Jamestown State Prison]." *Id.* Additionally, Lieutenant Reames allegedly assaulted Jones in December 2023.  Jones also names the California Correctional Health Care Services and Eel River Conservation Camp #31 as Defendants, but does not make any specific factual allegations against them.

Jones seeks monetary damages.

## II.    ANALYSIS

Upon review of the allegations, the Court concludes that the factual allegations and claims in this Complaint are duplicative of those raised in a pending civil rights case filed by Jones more than a year before this action. *See Jones v. Murphey*, No. 24-cv-07831-NW (N.D. Cal., filed Oct. 31, 2024). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive under 28 U.S.C. § 1915. *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case—as Jones has filed here—is therefore subject to dismissal as abusive and duplicative. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Accordingly, this case is **DISMISSED** with prejudice as duplicative of the claims and allegations raised in his earlier case.

Jones is cautioned that continuing to file duplicative or frivolous actions may result in the application of 28 U.S.C. § 1915(g), which would prevent him from proceeding *in forma pauperis* in any future civil actions or appeals unless he can show he is "under imminent danger of serious physical injury."

## III.    CONCLUSION

The Court orders as follows:

1. The Complaint is **DISMISSED WITH PREJUDICE** as duplicative.

2. Jones' request to proceed *in forma pauperis* is **DENIED**. *See* ECF No. 4.

3. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 20, 2026

Noël Wise
United States District Judge

2